BENJAMIN L. HARRISON, PROSECUTOR, v. ALBERT DICK-
ERSON ET AL., RESPONDENTS.

Submitted July 2, 1914—Decided March 27, 1915.

1. On an appeal to the Court of Common Pleas from a judgment
rendered in the small cause court, an amendment was allowed
adding an omitted partner as plaintiff. *Held,* that as the tran-
script of the record of the court of small causes did not show
that any objection for non-joinder was made in that court, the
amendment was properly allowed in the appellate court, irre-
spective of any statutory provision.

2. In view of the provisions of section 256 of the Practice act of
1903 (*Pamph. L., p.* 602), making sections 125 and 126 of the
act permitting amendments at the trial of an action applicable
to actions in the small cause courts and in the Courts of Com-
mon Pleas on appeals from said court, it is immaterial whether
an objection of non-joinder was or was not made at the trial in
the small cause court.

3. At the conclusion of the plaintiff's case it appeared that the con-
tract sued upon was made upon Sunday, and a motion to nonsuit
on that ground was made and refused. The defendant was then
placed on the stand, and from his testimony it was made to ap-
pear that the contract was not made on Sunday, but on Fri-
day or Saturday. Upon review it was held that the error in
the refusal to nonsuit was cured by the later testimony, which
made the question one for the jury.

4. Where the question of performance of a contract is a disputed
question of fact, a jury question is presented, and a nonsuit on
the ground that the contract was an entire one and not fully per-
formed, was properly overruled.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Elmer W. Romine.*

For the respondents, *Claude Garrison.*

The opinion of the court was delivered by

KALISCH, J. Albert Dickerson, in an action upon a book
account, recovered a judgment against the prosecutor, in a
court for the trial of small causes, for $55 and costs.

From this judgment the prosecutor appealed to the Morris Court of Common Pleas. A jury trial was demanded and the case was tried by the court sitting with a jury, which also resulted in a verdict for the plaintiffs below.

In the Court of Common Pleas, the prosecutor, at the close of the plaintiff's case below, moved for a nonsuit on the grounds that there was a partnership, and the action was brought by Albert Dickerson as sole plaintiff; that the contract was made on Sunday, and hence void; and that the Dickersons had not fulfilled their contract. The plaintiff's attorney then made a motion to amend the pleadings by adding the omitted partner as plaintiff, which was granted, and the motion to nonsuit was denied.

The first question which presents itself for consideration is raised by the challenge of the prosecutor to the power of the Court of Common Pleas to permit the amendment that was made, because no such amendment was applied for in the court for the trial of small causes.

The transcript of record of the court for the trial of small causes, which was before the court below and is now before us, does not disclose that any objection was made to the non-joinder of the partner in the justice's court, and, therefore, for that reason and because of legislative enactments hereafter alluded to, we think that the amendment was properly allowed to be made in the Common Pleas Court.

The prosecutor fallaciously assumes that before there was any statutory provision conferring power on the Court of Common Pleas to permit amendments in cases on appeal, from the court for the trial of small causes, that it had no such power in every instance.

An examination into the state of the law prior to the introduction of section 91 of the Practice act of 1855 (*Pamph. L., p.* 315), which provides that sections 43, 44 and 46 relating to the making of amendments, "shall apply to actions in the several Courts of Common Pleas by appeal from any court for the trial of small causes," shows that such power was exercised by the Court of Common Pleas independently of any statutory authority in certain cases, and this is clearly

expressed by Chief Justice Hornblower, in *Jacques et al.* v. *Hulit et al.*, 16 *N. J. L.* (on *p.* 40), thus: "Every objection which goes only to the form of the remedy, and does not question the plaintiff's right to recover in any shape, must be made on the first trial—an omission to do so, will be considered a waiver of the objection."

The question which was mooted in that case was whether the plaintiffs were partners, but the court held that it was immaterial whether they were or not, since no exception was taken on that point before the justice.

In *Seward* v. *Sears,* 36 *N. J. L.* 175, Mr. Justice Depue said: "Other instances of waiver implied from acquiescence by proceeding with the trial of the cause without making objections, which, if made, would be fatal, are to be found in the cases. *Cook* v. *Hendrickson,* 1 *Penn.* 343; *Martin* v. *Steele,* 2 *Id.* 718; *Dallas* v. *Hendry, Id.* 973; *Foulkes* v. *Young,* 1 *Zab.* 438; *Coyle* v. *Coyle,* 2 *Dutcher* 132.

"The principle may be said to be general, that objections to the form of proceedings which do not question the jurisdiction of the court, or the plaintiff's right to recover, must be made at the trial. If not taken then they are considered to be waived.

"The cases cited were all decided before the passage of the statute permitting amendments to be made by justices of the peace, and by the Court of Common Pleas on the trial of appeals. They show the principle by which the courts were governed, independently of that statute."

Section 113 of the act relating to justices' courts (*Rev.* 1877, *p.* 559) makes the provisions of the one hundred and thirty-eighth section of the Practice act (*Rev.* 1877, *p.* 869) applicable to the Court of Common Pleas on an appeal taken thereto, and provides that if any objections be made before the justice by either party, in any cause, &c., to any matter which might be amended, &c., before the conclusion of the trial, &c., then it shall be in the power of the Court of Common Pleas to amend, &c.

In this connection it is to be observed that section 138 of the Practice act of 1877 is identical with section 46 of the

Practice act of 1855, and that section 113 of the Justices' Courts act of 1877 has the proviso which has been above quoted in substance, whereas, section 91 of the Practice act of 1855 has no such proviso.

But two years later by a supplement to the Justices' Courts act (*Pamph. L.* 1857, *p.* 558) the legislature for the first time placed an inhibition on the Common Pleas Courts to heed objections or to allow amendments which had not been made or applied for in the court for the trial of small causes. And it is this supplement which is the one hundred and thirteenth section of the Justices' Courts act referred to.

The Courts of Common Pleas were relieved from this inhibition on their power to heed objections or allow amendments by the elimination of section 113 from the act, as appears from its omission in the Justices' Courts act of 1903. This leaves the matter under the control of sections 125 and 126 of the act of 1903.

Section 138 of the Practice act of 1877 became section 126 of the revised Practice act of 1903, page 572.

By section 256 of the Practice act, page 602 (1903), sections 125 and 126 are made applicable to actions in justices' courts and Courts of Common Pleas on appeal from said courts.

Section 125 relates to the power to amend where there is a variance between any pleading and the proof thereunder, &c.

It will not be out of place to illustrate the state of the law by considering a few of the cases arising while the excised proviso was in force.

In *Fine* v. *High Bridge M. E. Church,* 44 *N. J. L.* 148, it appeared that an objection was made before the justice of the peace in the form of a nonsuit to a variance which existed between the contract proved and the state of demand, which motion was denied by the justice. Mr. Justice Parker, in delivering the opinion of the court (on *p.* 150), said: "In this case the objection having been raised by the defendant before the justice, and no amendment there made by the plaintiffs, the Court of Common Pleas could not amend had a motion to that effect been made. This court has not the

power to make the amendment now suggested. Not having embraced the privilege given by the statute, when objection was made before the justice, the plaintiffs lost their right to amend in all future stages of the cause."

In *Jones* v. *Cook*, 54 *N. J. L.* 513, Mr. Justice Magie (on *p.* 516) said: "It appears from the case furnished that an application to nonsuit was made in the justice's court on account of the supposed defects of the state of demand, but that no application was made after the case had been rested on the ground of failure of proof of the joint liability of Smith & Jones.

"If it appeared that relief had been asked because the joint liability had not been shown, which relief could have been afforded by amendment, we should be bound by the authority of *Fine* v. *High Bridge, &c.,* 15 *Vr.* 148, to hold that no amendment having been made by the justice, none could afterward be made either by the Common Pleas or by this court when reviewing the cause on *certiorari.* The decision in that case was put upon the restriction of the power of amendment contained in the proviso to section 113 of the Justice's Court act.

"But the decision is not applicable here, for since there was no objection made before the justice, to cure which the proposed amendment would have been appropriate, the Common Pleas had power, on the objection being there made, to cure it by amendment."

It is to be observed that this court treated this proviso as being a restriction on the power of the Court of Common Pleas to make the amendment involved in that case.

It is therefore clear that with section 113 eliminated from the Justices' Courts act and with the application of sections 125 and 126 of the Practice act of 1903, it becomes wholly immaterial whether or not the objection was made in the court in which the case was originally tried.

Now, as to the ground urged, that it appeared that the contract was made on Sunday and, therefore, the plaintiffs below should have been nonsuited.

The prosecutor did not see fit to rest his case on the evidence adduced by the plaintiffs below and proceeded with his defence, whereby it was made to appear by the direct examination of the defendant below, that the contract was not made on Sunday but on Friday or Saturday. Therefore, when the case was closed, there was evidence before the jury that the contract was made on Friday or Saturday and not on Sunday, and the renewal of the motion to nonsuit on that ground was properly denied, since a jury question was presented whether or not the contract was made on Sunday.

There being evidence from which a jury might have reasonably found that the contract was not made on Sunday, but on a secular day, under the well settled rule of law prevailing in this state, the error in failing to nonsuit when the plaintiff's case was concluded was cured by the defendant going into his defence and introducing testimony that the contract was made on a secular day. *Esler* v. *Camden and Suburban Railroad Co.,* 71 *N. J. L.* 180, and cases there cited.

The other reason urged by the prosecutor as entitling him to prevail on his motion for a nonsuit, is that the contract was an entire one and that the plaintiffs below were not entitled to recover because it was not fully performed.

But this, from the evidence, appears also to have been a disputed question of fact. The defence was that all the logs were not sawed up. The plaintiff's claim was that the work had been stopped by the defendant's conduct. A jury question was therefore presented and the motion for a nonsuit on this ground was properly disallowed.

The other matters argued in the brief of counsel of the prosecutor have not been considered because they are not properly before us for aught that appears in the record under review.

Judgment will be affirmed, with costs.